## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **HAROLD OTTO BRYSON,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 1:12-cv-00202-JNP-JCB** |
| **KELLYE JILL POTTER, aka Kellye Shaw, aka Kellye Shaw Bryson; et al.,** | **District Judge Jill N. Parrish** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Harold Otto Bryson's ("Mr. Bryson") motion to reopen this case.[2] Based upon the analysis set forth below, the court recommends denying Mr. Bryson's motion.

## BACKGROUND

Mr. Bryson initiated this case in October 2012, and it was assigned to District Judge Dee Benson.[3] Soon after Mr. Bryson's complaint was filed, Judge Benson referred this case to Magistrate Judge Evelyn J. Furse.[4]

---

[1] ECF No. 36.

[2] ECF No. 34.

[3] ECF No. 5.

[4] ECF No. 11.

After filing his complaint, Mr. Bryson moved for service of process[5] and for a stay of this action.[6] Judge Furse scheduled a hearing on Mr. Bryson's motions for April 16, 2013,[7] which Mr. Bryson failed to attend despite having notice.[8] Consequently, Judge Furse issued an order to show cause that required Mr. Bryson to show cause why this case should not be dismissed for lack of prosecution.[9] Mr. Bryson was ordered to file a response to the order to show cause to inform the court of the status of this case and his intentions to proceed.[10] Mr. Bryson was warned that his failure to respond to the order to show cause would result in dismissal of this case.[11]

After Mr. Bryson failed to file a timely response to the order to show cause, Judge Furse issued a report and recommendation in which she recommended dismissal for failure to prosecute.[12] The report and recommendation notified Mr. Bryson of his right to object within fourteen days of being served with a copy of it.[13] The report and recommendation was mailed to Mr. Bryson at his address of record, but it was returned as undeliverable.[14]

---

[5] ECF No. 9.

[6] ECF No. 14.

[7] ECF No. 15.

[8] ECF No. 16.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] ECF No. 17.

[13] *Id.*

[14] ECF No. 18.

After Mr. Bryson failed to file any timely objections to the report and recommendation, Judge Benson issued an order on June 18, 2013, in which he adopted Judge Furse's recommendation and dismissed this case for failure to prosecute.[15] That order was likewise mailed to Mr. Bryson at his address of record, but it was also returned as undeliverable.[16]

Over eight months after Judge Benson issued his order dismissing this case, Mr. Bryson filed a notice of change of address.[17] Over six months later, Mr. Bryson filed another notice of change of address.[18] On November 24, 2014, nearly a year and a half after this case was dismissed, Mr. Bryson filed a "motion for a new judge," "motion for new trial," and "motion for appointment of counsel."[19] Judge Benson denied Mr. Bryson's motions on September 8, 2015, and instructed Mr. Bryson that if he wished to proceed with his claims, he must file a new complaint.[20]

In 2017, Mr. Bryson filed three letters with the court, none of which contained a request to reopen this case.[21] In November 2020, Mr. Bryson filed three letters with the court addressed to Chief Judge Robert J. Shelby.[22] Those letters contained inquiries about this case and requests

---

[15] ECF No. 19.

[16] ECF No. 20.

[17] ECF No. 21.

[18] ECF No. 22.

[19] ECF No. 23.

[20] ECF No. 25.

[21] ECF Nos. 26-28.

[22] ECF Nos. 30-32.

for certain relief. Soon after the letters were filed, Chief Judge Shelby entered an order indicating he was not assigned to preside over this case and, therefore, could not provide Mr. Bryson with any relief.[23] Chief Judge Shelby directed Mr. Bryson to seek any available relief from the judge presiding over this case or the United States Court of Appeals for the Tenth Circuit.[24]

Nearly a year and a half after Judge Shelby's order, Mr. Bryson filed the instant motion in which he seeks to reopen this case.[25] Mr. Bryson contends that he did not receive notices of filings in this case because he was incarcerated, and, therefore, the court's orders are "void" because "the court acted in a manner inconsistant [sic] with due process of law."[26]

## ANALYSIS

Although not cited by Mr. Bryson, the only available procedural basis for his motion to reopen this case is Fed. R. Civ. P. 60(b), which governs relief from a final judgment, order, or proceeding.[27] Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;

---

[23] ECF No. 33.

[24] *Id.*

[25] ECF No. 34.

[26] *Id.*

[27] Although Fed. R. Civ. P. 59(e) allows a party to move to alter or amend a judgment, any such motion must be filed within 28 days after entry of judgment. Because nearly nine years have passed since this case was dismissed, Rule 59(e) cannot apply here.

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.[28]

Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding."

The court should deny Mr. Bryson's motion because it was not timely filed. Indeed, as demonstrated above, Mr. Bryson did not file his motion until nearly *nine years* after the final order dismissing this case was entered. Thus, the grounds for relief in Rule 60(b)(1)-(3) are not available because Mr. Bryson's motion was filed more than one year after that order. Additionally, the remaining grounds in Rule 60(b) are not available because Mr. Bryson's motion was not filed within "a reasonable time" after that order.[29] The lack of temporal reasonableness is

---

[28] Fed. R. Civ. P. 60(b)(1)-(6).

[29] *United States v. Mack*, 502 F. App'x 757, 759-60 (10th Cir. 2012) (concluding that the district court did not abuse its discretion by denying the defendant's Rule 60(b) motion for not being filed within a reasonable time where the defendant waited over two and a half years to file his motion); *United States v. Cleaver*, 319 F. App'x 728, 731 n.2 (10th Cir. 2009) (providing that the defendant's Rule 60(b) motion was not filed within a reasonable time when he waited two years to file his motion); *Davis v. Warden, Fed. Transfer Ctr., Okla. City*, 259 F. App'x 92, 94-95 (10th Cir. 2007) (concluding that unexplained delay of almost three years in bringing a Rule 60(b)

especially significant where, as here, two judges previously told Mr. Bryson how to proceed, but Mr. Bryson failed to promptly attempt to follow the process each judge had outlined. These circumstances preclude the court from finding nine years as "a reasonable time" under Rule 60(c)(1). For those reasons, the court should deny Mr. Bryson's motion to reopen this case.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the court HEREBY RECOMMENDS that Mr. Bryson's motion to reopen this case[30] be DENIED. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[31] The parties must file any objections to this Report and Recommendation within fourteen days after being served with a copy of it.[32] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 27th day of May 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

motion "could appropriately be considered beyond 'a reasonable time'"); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177-78 (10th Cir. 2005) (finding no abuse of discretion in ruling that one year between judgment and Rule 60(b) motion was not a reasonable time).

[30] ECF No. 34.

[31] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[32] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).